# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:18-cv-00960-RGK-KES | Date: April 1, 2019 |

Title: ROBERT LACAMBRA v. CITY OF ORANGE, et al.

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**      Order Dismissing Claims with Leave to Amend (Dkt. 51)

## I. BACKGROUND.

On June 1, 2018, pro se Plaintiff Robert Lacambra ("Plaintiff") filed a civil rights complaint under 28 U.S.C. § 1983 against the City of Orange (the "City"), the California Department of Motor Vehicles ("DMV"), the Citation Processing Center ("CPC"), and Walmart, challenging the constitutionality of the City's vehicle ticketing scheme and the state's policies surrounding the issuance of identification and other documents. (Dkt. 1.) The City and DMV moved to dismiss the Complaint. (Dkts. 17, 34.) In response to DMV's motion, Plaintiff submitted a proposed First Amended Complaint ("FAC"); the Court granted leave to amend and docketed the proposed FAC as the operative pleading. (Dkts. 43, 44.)

The FAC named the following Defendants: (1) the City; (2) CPC; (3) Theresa Smith, the Mayor of the City, in her individual and official capacities; (4) Jean Shiamoto, the DMV Director, in her individual and official capacities; (5) Betty T. Yee, the California State Controller and Chair of the Franchise Tax Board, in her individual and official capacities; and (6) Gavin Newsom, the Governor of California, in his individual and official capacities (together, "Defendants"). (Dkt. 44 at 7-9.)

Plaintiff requested that the Court to direct the United States Marshal to serve the FAC on the new Defendants because he is proceeding in forma pauperis. (Dkt. 42.) Before authorizing

such service, however, the Court has an obligation to screen the FAC to determine whether it states a claim for relief against the Defendants. See 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]"); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints" and "direct[s] district courts to dismiss a complaint that fails to state a claim upon which relief may be granted.").

The Court screened the FAC and determined that it failed to state a claim against Defendants Yee and Newsom. (Dkt. 50.) The Court instructed Plaintiff to either (1) file a Second Amended Complaint remedying the defects described in its screening order, or (2) voluntarily dismiss the claims against Defendants Yee and Newsom. (Id. at 7.) The Court instructed that, if Plaintiff voluntarily dismisses the claims against Defendants Yee and Newsom, then the Court will order (1) the U.S. Marshal to serve Defendants CPC, Shiamoto, and Smith with process, and (2) the City to respond to the FAC. (Id.)

On March 27, 2019, Plaintiff filed a Second Amended Complaint ("SAC"), naming the following Defendants: (1) the City; (2) CPC; (3) Theresa Smith, the Mayor of the City, in her individual and official capacities; (4) American Automotive Association ("AAA"); (5) DMV; (6) Jean Shiamoto, the DMV Director, in her individual and official capacities; (7) Franchise Tax Board ("FTB"); (8) Betty T. Yee, the California State Controller, in her individual and official capacities; (9) Keely Bosler, the Director of California Department of Finance, in her individual and official capacities; (10) Malia M. Cohen, Chair of the Board of Equalization, in her individual and official capacities; (11) Gavin Newsom, the Governor of California, in his individual and official capacities; and (12) Does 1-10 (together, "Defendants"). (Dkt. 51.) Plaintiff also "requests Class Action Certification under FRCP Rule 23, to vindicate his rights and of those similarly situated." (Id. at 7.)

The Court had previously instructed Plaintiff to file an SAC "that attempts to remedy the defects described" in the screening order. (Dkt. 50 at 7.) Instead of resolving the concrete issues identified in the screening order, Plaintiff has named a number of new Defendants and seeks to certify a class. Plaintiff's request to prosecute the instant action as a class action is DENIED; absent a statutory exception, a pro se plaintiff cannot prosecute a class action.[1]

---

[1] See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (applying the "general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity"); Johns v. Cnty. of San Diego, 114 F.3d 874, 876 (9th Cir.1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself." (internal quotation marks and citations omitted)); C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir.1987) (holding that a pro se litigant may not appear as an attorney for others); McShane v. U.S., 366 F.2d 286, 288 (9th Cir. 1966) (affirming the dismissal of a class action for lack of jurisdiction because a pro se plaintiff "has no authority to appear as an attorney for others than himself").

       This screening order considers the claims against the Defendants who have not yet appeared in this action: (1) CPC, (2) Defendant Smith, (3) AAA, (4) Defendant Shiamoto, (5) FTB, (6) Defendant Yee, (7) Defendant Bosler, (8) Defendant Cohen, (9) Defendant Newsom, and (10) Does 1-10. The Court has reviewed the SAC and, as explained more fully below, finds that it fails to state a claim against Defendants Yee, FTB, Bosler, Cohen, and Newsom. The claims against Defendants Yee, FTB, Bosler, Cohen, and Newsom are therefore DISMISSED WITHOUT PREJUDICE.

## II.    LEGAL STANDARD

       A complaint may fail to state a claim for two reasons: (1) lack of cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (as amended). In determining whether a complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

       Further, where the plaintiff is appearing pro se, the court must construe the allegations of the complaint liberally and must afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, the liberal pleading standard only applies to a plaintiff's factual allegations. "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997).

       With respect to a plaintiff's pleading burden, the Supreme Court has held: "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do …. Factual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citation and quotation marks omitted).

       Although the scope of review generally is limited to the contents of the complaint, the Court may also consider documents attached to the complaint. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Exhibits that contradict the allegations of a complaint may fatally undermine those allegations. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including … details contrary to his claims").

      If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez, 203 F.3d at 1126-30. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.　ANALYSIS

#### A.　Relevant Law.[2]

##### 1. Individual and Official Capacities.

      When a plaintiff names an official in his or her individual capacity, the plaintiff is seeking "to impose personal liability upon a government official for actions he takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165 (1985). "[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Id. at 166. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

      Naming a government official in his official capacity is the equivalent of naming the government entity itself as the defendant. Graham, 473 U.S. at 165.

##### 2. Section 1983 Suits Against the State.

      "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted). State officials sued in their official capacity for damages are not persons for purposes of § 1983, except when sued for prospective declaratory or injunctive relief. Hafer v. Melo, 502 U.S. 21, 27 (1991); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102-06 (1984); Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007). In an official-capacity suit, the plaintiff must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. See Hafer, 502 U.S. at 25; Graham, 473 U.S. at 166. The state official must have a direct

---

[2] Plaintiff includes claims arising under 28 U.S.C. § 1983 and 18 U.S.C. § 241. (Dkt. 51 at 7.) 18 U.S.C. § 241 is a criminal statute, so Plaintiff cannot bring a § 241 claim against Defendants. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam) (no private right of action exists under § 241). In its prior screening order, the Court had also instructed Plaintiff that he cannot bring a § 241 claim. (Dkt. 50 at 3.) Thus, the Court only considers Plaintiff's § 1983 claims.

connection with the enforcement of the act; "a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." Coal. to Defend Affirmative Action v. Brown, 674 F.3d 1128, 1134 (9th Cir. 2012).

A governmental agency that is an arm of the state is not a person for purposes of § 1983. See Howlett v. Rose, 496 U.S. 356, 365 (1990). To determine whether a governmental agency is an arm of the state, the court should "look to state law and examine 'whether a money judgment would be satisfied out of state funds, whether the entity performs central governmental functions, whether the entity may sue or be sued, whether the entity has the power to take property in its own name or only in the name of the state, and the corporate status of the entity.'" Hale v. Arizona, 993 F.2d 1387, 1399 (9th Cir. 1993) (en banc) (quoting Mitchell v. L.A. Cmty. Coll. Dist., 861 F.2d 198, 201 (9th Cir. 1988)).

### 3. Section 1983 Suits Against the Local Government.

"[M]unicipalities and other local government units … [are] among those persons to whom § 1983 applies." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Municipal government officials are also persons for purposes of § 1983. See id. at 691 n.55.

A local governmental unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Id. at 691; Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick v. Thompson, 563 U.S. 51, 61 (2011).

### 4. Section 1983 Suits Against Private Parties.

Generally, private parties are not acting under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). A private party acts under color of state law, however, when it enters joint action or conspires with state officials to deprive others of constitutional rights. Crowe v. County of San Diego, 608 F.3d 406, 440 (9th Cir. 2010). "To prove a conspiracy between the state and private parties under [§] 1983, the [plaintiff] must show an agreement or meeting of the minds to violate constitutional rights. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each must at least share the common objective of the conspiracy." United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc) (citations and internal quotations omitted). A plaintiff "need only allege a meeting of the minds as to *the conduct* that ultimately caused the constitutional violation—not a meeting of the minds *to violate* Plaintiffs' constitutional rights *by*

*performing* the agreed conduct." Huk v. County of Santa Barbara, 2012 WL 12949914, at *5 n.6 (C.D. Cal., Aug. 31, 2012) (citing United Steelworkers, 865 F.2d at 1541).

### B. **Plaintiff Fails to State a Claim Against Defendants Yee, FTB, Bosler, Cohen, and Newsom.**

#### 1. Causes of Action.

Plaintiff alleges that all Defendants (other than the Does) violated: (1) the Fourth Amendment, "through the exercise of California Family Code 17520[3] revoked, suspended and/or otherwise seized Plaintiff's Driver's License" and "failed to reissue him a new one for so long as he is unable to provide them an address" (Dkt. 51 at 58); (2) the Fifth Amendment right to due process, "through their fee/penalty collection scheme, created a system that does not provide a constitutionally cognizable way in which to contest a ticket" and "professional and driver's license revocation without due process amounts to the deprivation of property" (id. at 58-60); (3) the Sixth Amendment right to a speedy trial, because they "created a system that, in fact, did not provide Plaintiff his day in court" (id. 60-61); (4) the Fourteenth Amendment right to equal protection, because they "effectively deprived him use of his vehicle until such time as the unlawful DMV bill is paid in full" (id. at 62-63); and (5) conspiracy. (Id. at 63-66.)

Plaintiff also includes the following causes of action against specific Defendants: (1) violation of the First Amendment by CPC and the City because they "purposefully did not respond to Plaintiff 's Objection and Informal Discovery" (id. at 57); (2) violation of the Sixth Amendment "right to confront an accuser" by the City, CPC, and Defendant Smith because they "were served a discovery request in connection to the 1st citation, but failed to respond to it" (id. at 61-62); and (3) violation of the Fourteenth Amendment right to equal protection by the DMV, Defendant Shiamoto, and Defendant Newsom because they "deprived Plaintiff a valid ID and a CA Driver's License because he would not provide a false residential address under penalty of perjury." (Id. at 62.) Plaintiff does not include any causes of action (or factual allegations) against the Doe Defendants.

#### 1. Franchise Tax Board.

Plaintiff alleges that FTB "is the collection arm of the State of California tasked with collecting personal and corporate income tax. For the purpose of this action, they are also tasked with collecting delinquent vehicle-related fees on behalf of the DMV under provisions of Revenue and Taxation Code § 10878[4] …." (Id. at 23.)

---

[3] This section allows for license revocation for failure to comply with a support order. Cal. Fam. Code § 17520.

[4] This section provides for referral to the FTB for the collection of certain delinquent amounts. Cal. Rev. & T. Code § 10878.

Plaintiff, however, does not allege that a policy or custom of FTB is the moving force behind any alleged injury personally suffered by Plaintiff.  Plaintiff attaches an exhibit showing that after a vehicle owner is 90 days delinquent on vehicle registration, DMV *can* refer the delinquent account to FTB to act as collection agent for DMV while "DMV retains management responsibility for all referred accounts."  (Dkt. 51-1 at 69-71.)  Plaintiff also cites Cal. Rev. & T. Code § 1087, which allows for such referral.  Because FTB simply assists DMV in certain collections, while DMV ultimately controls the account, Plaintiff has not shown that a policy of FTB is the moving force behind any alleged constitutional violation.  Moreover, Plaintiff does not include any allegation or exhibit showing that FTB ever took any action against Plaintiff *personally*.  Plaintiff attaches citations/receipts from DMV (Dkt. 51 at 80; Dkt. 51-1 at 10, 30) and the City (Dkt. 51 at 92; Dkt. 51-1 at 8, 16), but not from the FTB.  Therefore, Plaintiff fails to state a claim against FTB.

## 2. Defendants Yee, Bosler, and Cohen.

### a. Individual Capacities.

Plaintiff alleges that Defendant Yee is State Controller and "she is responsible for the collection of delinquent DMV related fees of California motorist."  (Dkt. 51 at 24.)  Plaintiff alleges that Defendant Bosler "is the Director of the California Department of Finance, and in her capacity she is responsible for the collection of delinquent DMV related fees of California motorist."  (Id.)  Plaintiff alleges that Defendant Cohen "is the Chair of the Board of Equalization, and in her capacity she is responsible for the collection of delinquent DMV related fees of California motorists."  (Id.)  For the three Defendants, Plaintiff alleges, "At the time of this filing Plaintiff is delinquent in his registration fees, as a result of the deprivations engendered in this complaint herein."  (Id.)

Plaintiff, however, does not allege that Defendants Yee, Bosler, or Cohen, acting under color of state law, *personally* caused the deprivation of his federal rights; in other words, he does not allege that they did an affirmative act or omitted to perform a legally-required act that personally caused injury to Plaintiff.  Plaintiff does not allege that Defendants Yee, Bosler, or Cohen (or the agencies under their control) ever sought collection of overdue vehicle fees from Plaintiff personally.  Plaintiff attaches citations/receipts from DMV (Dkt. 51 at 80; Dkt. 51-1 at 10, 30) and the City (Dkt. 51 at 92; Dkt. 51-1 at 8, 16), but not from the State Controller's Office, the California Department of Finance, or Board of Equalization.

Instead, Plaintiff only alleges that these Defendants are "responsible for the collection of delinquent DMV related fees of California motorist."  Plaintiff does not have standing, however, to sue Defendants Yee, Bosler, or Cohen for harms potentially suffered by other motorists.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-63 (1992) ("there must be a causal connection between the injury and the conduct complained of" and the "party seeking review be himself among the injured").  Therefore, Plaintiff fails to state a claim against Defendants Yee, Bosler, and Cohen in their individual capacities.

      b.    Official Capacity.

Plaintiff alleges that Defendant Yee is State Controller, Defendant Bosler is the Director of the California Department of Finance, and Defendant Cohen is the Chair of the Board of Equalization. (Dkt. 51 at 24.) Plaintiff does not allege that a policy or custom of any of their agencies, however, is the *moving force* behind any alleged injury suffered by Plaintiff (i.e., license revocation, deprivation of use of vehicle, etc.).

Plaintiff alleges: "The controversy caused Plaintiff to halt payments for what he views are unfair and unconstitutional violations. Defendant Franchise Tax Board, Defendant Betty T. Yee, Defendant Keely Bosler, Defendant Malia M. Cohen are so named as a defendant in so far as statutes (Revenue and Taxation Code § 10878) require the transfer of DMV accounts with delinquencies to their agency. The collection of usurious fees are unjust, providing Plaintiff cause to plead for private right of action for conspiracy …." (Id. at 24-25.)

Plaintiff does not allege, however, that their agencies ever sought to collect delinquent fines from Plaintiff; instead, he only includes exhibits showing that the City and the DMV sought to collect from him. (Dkt. 51 at 80, 92; Dkt. 51-1 at 8, 10, 16, 30.) Thus, it is unclear that the DMV ever even referred collection of Plaintiff's delinquent fines to ones of these agencies—let alone all three. Even so, under Cal. Rev. & T. Code § 1087, the DMV ultimately controls the account and refers fine collection; because the collection agency apparently acts pursuant to DMV directive, Plaintiff has not shown that a policy of a collection agency is the moving force behind any alleged constitutional. Therefore, Plaintiff fails to state a claim against Defendants Yee, Bosler, and Cohen in their official capacities.

      **3.    Defendant Newsom.**

      a.    Individual Capacity.

Plaintiff alleges that Defendant Newsom "administers over all of the state's departments and creates and/or promulgates the procedures, rules and policies derived from laws enacted by the state's legislators." (Dkt. 51 at 25.) Under the California Constitution, "The supreme executive power of this State is vested in the Governor. The Governor shall see that the law is faithfully executed." (Id. at 26.) "[H]e is being charged herein as failing to properly administer California Welfare and Institutions Code § 17000."[5] (Id.) "[He] is charged with executing all the laws in the State of California, including the provisions Family Code § 17520, known to have

---

[5] This provides: "Every county and every city and county shall relieve and support all incompetent, poor, indigent persons, and those incapacitated by age, disease, or accident, lawfully resident therein, when such persons are not supported and relieved by their relatives or friends, by their own means, or by state hospitals or other state or private institutions." Cal. Welf. & Inst. Code § 17000.

been enforced to deprive Plaintiff his livelihood and ability to drive a vehicle." (Id. at 27.)

Plaintiff does not allege, however, that Defendant Newsom *personally* caused any of the alleged constitutional violations by performing an affirmative act or omitting to perform a legally-required act; in other words, Plaintiff shows no personal participation by Defendant Newsom in the alleged deprivation of his car or identification. Therefore, Plaintiff fails to state a claim against Defendant Newsom in his individual capacity.

　　　　　　　　　　b.　Official Capacity.

Plaintiff fails to state an official capacity claim against Defendant Newsom because he does not allege a direct connection between Defendant Newsom's office and the contested policies; Plaintiff does not allege that Defendant Newsom has direct enforcement authority to issue identifications or principal responsibility for enforcing the rules surrounding the identification and citation process.

Plaintiff only alleges a generalized duty to enforce state laws, which is barred by the Eleventh Amendment. See, e.g., Comm. to Protect Our Agric. Water v. Occidental Oil & Gas Corp., 235 F. Supp. 3d 1132, 1155 (E.D. Cal. 2017) (holding that plaintiff did not state an official capacity claim against Governor Brown for a California permitting process) (citing Association des Eleveurs de Canards et d'Oies du Quebec v. Harris, 729 F.3d 937, 943 (9th Cir. 2013) (finding Governor Brown was entitled to Eleventh Amendment immunity with respect to claims for prospective injunctive relief based on his alleged involvement in administering a state law plaintiffs claimed was unconstitutional, because "his only connection to [the relevant statute] is his general duty to enforce California law"); National Audubon Soc., Inc. v. Davis, 307 F.3d 835, 847 (9th Cir. 2002) (finding that "suit is barred against the Governor ... as there is no showing that they have the requisite enforcement connection"); cf. Artichoke Joe's v. Norton, 216 F.Supp.2d 1084, 1110 (E.D. Cal. 2002) (holding that Governor Brown was subject to suit under Ex parte Young where the plaintiff alleged "a specific connection to the challenged statute," in that the governor "negotiated and approved the compacts that give rise to the plaintiffs' alleged injuries"), aff'd 353 F.3d 712 (9th Cir. 2003)). Therefore, Plaintiff fails to state a claim against Defendant Newsom in his official capacity.

## IV.　CONCLUSION

IT IS HEREBY ORDERED that the Plaintiff's claims against Defendants FTB, Yee, Bosler, Cohen, and Newsom are DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that, **on or before May 1, 2019,** Plaintiff shall (a) file a Third Amended Complaint that attempts to remedy the defects described above, or (b) voluntarily dismiss the claims against Defendants FTB, Yee, Bosler, Cohen, and Newsom.

If Plaintiff voluntarily dismisses the claims against Defendants FTB, Yee, Bosler, Cohen,

and Newsom, then the Court will order (1) the U.S. Marshal to serve Defendants CPC, AAA, Shiamoto, and Smith with process, based on the claims against them in the SAC, and (2) the City and DMV to respond to the SAC.  <u>The Defendants are excused from responding to the SAC until further order of the Court.</u>

　　　<u>Plaintiff is not given leave to add new Defendants or causes of action.  Plaintiff may not prosecute a class action and should only allege claims against actors who have *personally caused him injury*, with factual allegations showing how they have done so.</u>

　　　<u>If Plaintiff fails to timely respond to this order by filing a Third Amended Complaint or notice of voluntary dismissal, then this action may be dismissed for lack of diligent prosecution.</u>

　　　The Clerk is directed to provide Plaintiff with a copy of Form CV-09 for voluntary dismissal.


　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk <u>JD</u>