UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LACAMBRA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ORANGE, et al.,<br><br>Defendants. | Case No. 8:18-cv-00960-RGK-KES<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and all the records and files herein, along with the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings, conclusions, and recommendations of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that Plaintiff's claims against the Department of Motor Vehicles be dismissed with prejudice and without leave to amend.

Plaintiff's request for immediate appeal is DENIED. (Dkt. 90.) Construed as a request for entry of final judgment under Federal Rule 54(b), the Court cannot find that "there is no just reason for delay" because all practical considerations point toward requiring a final and complete resolution of this entire case before appeal.[1]

---

[1] "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the

Construed as a request for certification of interlocutory appeal under 28 U.S.C. § 1292(b), the Court cannot find that the legal issue at hand involves "substantial ground for difference of opinion"[2] or that appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

DATED: July 26, 2019

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

---

appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981). There is no "pressing need" here.

[2] "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) (internal quotation and citations omitted). There is no novel or disputed issue of law here.